NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO HERNANDEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON CONSUMER INC., <br><br> Defendant. | Civil Action No. 19-15679 (ZNQ) (TJB) <br><br> **MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon Defendant Johnson & Johnson Consumer Inc.'s ("Defendant") Motion to Dismiss Plaintiffs Eduardo Hernandez, Margaret Criner, Terri Else, Thomas Butler, Glenn Parker, and Maura Tuso's ("Plaintiffs") Amended Class Action Complaint, brought by Plaintiffs individually and on behalf of others similarly situated. (ECF No. 69.) Plaintiffs opposed Defendant's motion (ECF No. 72), and Defendant replied (ECF No. 73). After careful consideration of the Parties' submissions, the Court decides the Defendant's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion is **GRANTED**.

I.   **BACKGROUND**

   A.   **Factual Background**

Plaintiffs are individuals who were allegedly "misled or deceived by" Defendant to purchase Tylenol "rapid release gelcaps" ("Rapid Release Gelcaps"). (Am. Compl. ¶ 11, ECF No. 65.) Specifically, Plaintiffs allege they previously purchased Rapid Release Gelcaps over other

Tylenol brand "and other acetaminophen products solely or in part because [Rapid Release Gelcaps] were advertised and labeled as 'rapid release' offering 'rapid relief' and [Plaintiffs] hoped for fast pain relief." (*Id.* ¶¶ 79, 96, 112, 120, 128, 136.) As such, Plaintiffs aver Defendant "misled [Plaintiffs] into believing that the Rapid Release Gelcaps would provide faster relief than other, cheaper acetaminophen products, such as the traditional Tylenol[] tablets." (*Id.* ¶ 12) Plaintiffs "would not have purchased the [Rapid Release Gelcaps] had [Defendant] disclosed accurate information about the products." (*Id.*)

In alleging Defendant's deception, Plaintiffs allege that "the term 'rapid release' does not actually mean that the drug works faster for consumers than non-rapid release products." (*Id.* ¶ 6.) Instead, Plaintiffs cite "a new study" that allegedly demonstrates Rapid Release Gelcaps dissolve slower than Defendant's non-rapid release products. (*Id.* ¶ 8.) No individual Plaintiff in this action alleges that they will continue to buy Rapid Release Gelcaps in the future. (*See generally id.*) Instead, all of Plaintiffs' allegations allege only past harm from their previous purchase of the product. (*Id.* ¶¶ 77, 82, 92, 99, 109, 115, 117, 123, 125, 131, 133, 139.)

**B.     Procedural Background**

On July 22, 2019, Plaintiffs filed their original Complaint in this Court. (Compl., ECF No. 1.) On September 27, 2019, Defendant moved to dismiss Plaintiffs' original Complaint. (ECF No. 23.) On May 19, 2020, Defendant's motion to dismiss Plaintiffs' original Complaint was granted in part and denied in part. (Order, ECF No. 40.) After the Court's Order, only four of Plaintiffs' original nine claims remained against Defendant. (*Id.*) The four claims remaining were: (1) violation of California False Advertising Law; (2) violation of California Unfair Competition Law; (3) violation of California Consumers Legal Remedies Act; and (4) unjust enrichment individually and on behalf of the National Class. (Op. 3-4, ECF No. 39; Order.) Plaintiffs' original

Complaint sought damages, injunctive relief, and declaratory judgment, among other things. (*See generally* Compl.)

On July 8, 2022, Plaintiffs filed a motion for leave to file an amended complaint. (ECF No. 61.) On July 29, 2022, the Court granted Plaintiffs' motion. (ECF No. 64.) Subsequently, on August 2, 2022, Plaintiffs timely filed their Amended Complaint. (Am. Compl.) Plaintiffs' Amended Complaint only brings three counts against Defendant: (1) violation of California False Advertising Law; (2) violation of California Unfair Competition Law; and (3) violation of California Consumers Legal Remedies Act. (*Id.* ¶¶ 160-186). Moreover, Plaintiffs' Amended Complaint only seeks injunctive relief against Defendant. (*Id.* ¶ B.)

On September 23, 2022, Defendant brought the instant motion, seeking to dismiss Plaintiffs' Amended Complaint. (ECF No. 69.) The Court now decides Defendant's motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).  On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendant contends that Third Circuit precedent dictates Plaintiffs' Amended Complaint be dismissed because Plaintiffs lack Article III standing. (Def.'s Moving Br. 2, ECF No. 69-1.) Plaintiffs oppose, arguing that because standing is a "substantive law issue," California[2] and Ninth Circuit case law must guide this Court's standing analysis. (Pls.' Opp'n Br. 2, ECF No. 72.) As an initial matter, Plaintiffs' argument that Ninth Circuit case law binds this Court is misguided.

Plaintiffs' contention that this Court is bound to follow Ninth Circuit precedent directly contravenes principles of vertical *stare decisis*. *See Camden Cnty. Hist. Soc'y v. Dep't of Transp.*,

---

[2] State courts are not governed by Article III, and Article III standing has no application under state law. *See V. I. Conservation Soc'y, Inc. v. V. I. Bd. of Land Use Appeals Golden Resorts LLLP*, 10 F.4th 221, 231 (3d Cir. 2021); *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 434 (S.D.N.Y. 2015) ("[W]"hether a state law authorizes standing, or whether a plaintiff has standing to bring suit in state court more generally, is irrelevant to the Article III analysis.") Instead, questions of Article III standing concern federal subject matter jurisdiction, and as such, the substantive law of a state cannot govern an Article III standing analysis. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing is essential to federal subject matter jurisdiction and is thus 'a threshold issue that must be addressed before considering issues of prudential standing.'" (citation omitted)).

371 F. Supp. 3d 187, 190 n.6 (D.N.J. 2019) (analyzing vertical *stare decisis* and stating that "[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals *for that circuit.*" (emphasis added) (quoting *In re Korean Air Lines Disaster of Sept. 1 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987), *aff'd sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989)). As this is a federal district court in New Jersey, it is duty-bound to follow precedent set forth by the Third Circuit, the federally recognized circuit in which this Court sits. 28 U.S.C. §§ 41, 1294(1); *cf. Camden Cnty. Hist. Soc'y*, 371 F. Supp. 3d at 190 n.6; *see Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980) (citation omitted) ("Decisions of the Court of Appeals for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits, whether at the appellate or district level."). While the Ninth Circuit can offer *persuasive* authority for this Court to consider, Ninth Circuit precedent certainly cannot supplant Third Circuit authority in this Court, even when this Court sits in diversity jurisdiction and evaluates California state law.[3] *See id.* For these reasons, Plaintiffs' argument that Ninth Circuit precedent binds this Court is rejected. Accordingly, the Court looks to the Third Circuit and Supreme Court for guidance on the issue of Article III standing.

Defendant next contends that Plaintiffs' Amended Complaint is devoid of allegations suggesting Plaintiffs plan to buy Rapid Release Gelcaps in the future. (Def.'s Moving Br. at 4-5.)

---

[3] Plaintiffs apply a "New Jersey[] choice-of-law analysis" in concluding California law applies to this case." (Pls.' Opp'n Br. at 5.) Neither Defendant nor the Court disagrees with Plaintiffs' conclusion that this Court applies California state law when considering Plaintiffs' California state-law claims. (*See* Def.'s Reply at 11-12, ECF No. 73.) Plaintiffs, however, without explanation or legal citation, then argue Ninth Circuit case law is binding on this Court because California law is being applied. (*See* Pls.' Opp'n Br. at 12.) Importantly, "conflict of law" analyses determine only what *state* law governs a particular claim, not what federal law a Court must apply in evaluating state claims. *See In re Domestic Drywall Antitrust Litig.*, 399 F. Supp. 3d 280, 297-98 (E.D. Pa. 2019). If Plaintiffs wish to have Ninth Circuit case law applied to their claims, they should bring their claims in a court duty-bound to follow Ninth Circuit precedent. *See* 28 U.S.C. § 41 (listing states whose district courts are bound by Ninth Circuit precedent).

In fact, as Defendant observes, allegations in Plaintiffs' Amended Complaint allege only that they were harmed in the past by Defendant's allegedly deceptive practices. (Am. Compl. ¶¶ 77, 82, 92, 99, 109, 115, 117, 123, 125, 131, 133, 139.)[4] As such, Defendant contends, Plaintiffs lack Article III standing to bring their claims. (Def.'s Moving Br. at 3.)

"[T]he question of standing in the federal courts is to be considered within the framework of Article III [of the Constitution,] which restricts judicial power to 'cases' or 'controversies.'" *Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (alterations in original) (quoting *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 151 (1970)). A party invoking federal jurisdiction bears the burden of demonstrating it has standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021). If Article III standing cannot be established, a district court "must dismiss a putative class action for lack of subject matter jurisdiction." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016).

To establish Article III standing, a plaintiff must demonstrate "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* at 193. The "injury in fact" inquiry is often determinative of standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021) (citations omitted). "A plaintiff seeking to establish injury in fact 'must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" *Id.* (quoting *Spokeo, Inc. v. Robins*,

---

[4] In response, Plaintiffs primarily argue that California state law and Ninth Circuit precedent should decide the Article III standing issue in this case. (Pls.' Opp'n Br. at 1-9.) For the reasons above, this contention is rejected. Otherwise, Plaintiffs focus on distinguishing case law Defendant cites from the Third Circuit, but Plaintiffs fail to rebut Defendant's key contention: Plaintiffs' Amended Complaint does not allege that any harm caused by purchasing Rapid Relief Gelcaps will continue in the future. (*See generally* Def.'s Moving Br.)

578 U.S. 330, 339 (2016)). As such, any threat of future injury to a plaintiff "must be certainly impending to constitute an injury in fact," and therefore "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *see also McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494-95 (1974)).

There is an abundance of case law in this Circuit establishing that if class plaintiffs are seeking only injunctive relief, they cannot show an "injury in fact" where they are aware of the harm a product allegedly causes, and as such, will not purchase the product in the future. *See, e.g., In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 293 (3d Cir. 2018) (finding that "[t]he law affords [plaintiffs] the dignity of assuming that [they] act[] rationally, and that [they] will not act in such a way that [they] will again suffer the same alleged 'injury'" and holding from this conclusion that, in the context of injunctive relief, where former customers are aware of allegedly deceptive business practices from which they seek future protection, they do not have standing to request injunctive relief); *McNair*, 672 F.3d at 223 (finding that "while the injuries [a plaintiff] allegedly suffered when they were [a defendant's] customer[] may suffice to confer individual standing for monetary relief, [a] wholly conjectural future injury" cannot satisfy the injury in fact requirement because "speaking generally, the law accords people the dignity of assuming that they act rationally, in light of the information they possess"); *Kimca v. Sprout Foods, Inc.*, No. 21-12977, 2022 WL 1213488, at *9-10 (D.N.J. Apr. 25, 2022) (finding in the context of a plaintiff seeking injunctive relief to stop deceptive and false advertising that "[b]ecause [p]laintiffs . . . brought th[e] lawsuit, it is common sense that they are now aware of the

alleged risks associated with the [allegedly deceptive product] and, thus, will not be deceived by [defendant's] marketing in the future.")

Here, Plaintiffs seek only injunctive relief and the allegations in Plaintiffs' Amended Complaint allege only past harm from Defendant's allegedly deceptive practices. (Am. Compl. ¶¶ 77, 82, 92, 99, 109, 115, 117, 123, 125, 131, 133, 139, B.) Plaintiffs, in bringing this class action lawsuit, also implicitly recognize that they are aware of the harm Rapid Release Gelcaps cause. *See Kimca*, 2022 WL 1213488, at *9-10 (finding "[b]ecause [p]laintiffs . . . brought th[e] lawsuit, it is common sense that they are now aware of the alleged risks associated with the [allegedly deceptive product] and, thus, will not be deceived by [defendant's] marketing in the future"). As such, viewing Plaintiffs as rational actors in the free market possessing information that affects their purchasing decisions, there is no risk of future harm where Plaintiffs will presumedly no longer purchase Defendant's Rapid Release Gelcaps. *See In re J&J Talcum Powder*, 903 F.3d at 293; *McNair*, 672 F.3d at 223. For this reason, Plaintiffs cannot show an injury in fact in this case, and therefore, Plaintiffs lack Article III standing to bring their claims.

IV.     **CONCLUSION**

For the reasons discussed above, and because Plaintiffs were already granted leave to amend their pleadings, Plaintiffs' Amended Complaint is dismissed with prejudice.

Date:  March 24, 2023

s/Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**